HELEN LATHAM, ADMINISTRATRIX, ESTATE OF J. H. LATHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21479. Promulgated April 17, 1929.

*L. L. Hamby, Esq.*, for the petitioner.
*F. T. Horner, Esq.*, for the respondent.

OPINION.

TRAMMELL: With respect to the valuation of the two tracts of land involved, the testimony is convincing beyond any reasonable doubt that the property was excessively valued in the return and that the tract of 3,058 acres in Mitchell County, Texas, did not have an actual value in excess of $45,870, and the 732 acres in Erath County, Texas, did not have an actual value at the time of the death of decedent in excess of $10,980. These valuations should be used in the determination of the estate tax.

With respect to the property transferred in trust, the evidence introduced does not overcome the presumption created by the statute that the transfer was in contemplation of death. The transfer was made within two years of the decedent's death and was for a material part of his estate. The evidence fails to disclose a consideration for the transfer.

The principal contention of the petitioner with respect to this trust was that it, having been created prior to the effective date of the Revenue Act of 1921, is controlled by the decision of *Nichols* v. *Coolidge*, 274 U. S. 531, and under that decision should not have been included in the gross estate of the decedent.

As we pointed out, however, in the case of *Estate of Christian Loetscher*, 14 B. T. A. 228, the *Nichols* case did not relate to a transfer made in contemplation of death but only the transfers which were made previous to the taxing statute which were to take effect at or after death. The *Nichols* case, therefore, is not authority for the contentions advanced by the petitioner here.

It is our opinion that the transfer involved here has not been shown not to have been made in contemplation of death and under our decision in *Estate of Christian Loetscher*, *supra*, should be included in the gross estate of the decedent.

*Judgment will be entered under Rule 50.*